UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY MUNRO ROBERTS,<br><br>      Plaintiff,<br><br>vs.<br><br>J.W. COX, Warden Yankton FPC, in his official capacity; DIRECTOR OF THE BUREAU OF PRISONS, in her official capacity; MERRICK GARLAND, Attorney General, in his official capacity,<br><br>      Defendants. | 4:22-CV-04121-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND § 1915 SCREENING FOR DISMISSAL |

  Plaintiff, Timothy Munro Roberts, filed a pro se civil rights lawsuit under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA).[1] Docket 1. Roberts moves for leave to proceed in forma pauperis and has submitted a financial affidavit as well as a second motion for leave to proceed in forma pauperis containing more financial information. Dockets 3, 6. Roberts has also filed two supplements in which he requests this court appoint counsel to represent himself and other inmates in a class-action lawsuit. Dockets 5, 8.

---

[1] Roberts does not state the basis for this court's jurisdiction over his complaint. *See* Docket 1 at 1-4. Because all defendants are federal employees, this court liberally construes Roberts's complaint as bringing claims under *Bivens* and under the Federal Tort Claims Act. *See id.* at 1.

I.  **Motion for Leave to Proceed in Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (citation omitted). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Roberts's financial affidavits, the court finds that he has insufficient funds to pay the filing fee. *See* Dockets 3, 6. Thus, Roberts's motion for leave to proceed in forma pauperis (Docket 3) is granted.

II.  **1915 Screening**

   A.  **Factual Background**

Roberts alleges that the BOP failed to follow the First Step Act by denying his and many other inmates' applications for earned time credits to shorten their sentences. Docket 1 at 1. He claims that the BOP acted "with deliberation and intent to keep inmates incarcerated longer and make the First Step Act fail." *Id.*

Roberts seeks to file a class action lawsuit on behalf of all inmates at the Yankton Federal Prison Camp who "were incarcerated . . . in the BOP from the

[First Step Act] enactment date of December 21, 2018[,] [with] minimum or low risk PATTERN scores with any [First Step Act] credit balances remaining on their Sentence Computation Sheets before release to Halfway House, Home Confinement, or Supervised Release[.]" *Id.* at 2. He asks this court to allow all such inmates to participate in this lawsuit and to order the BOP to provide him with information as to these inmates. *Id.*

Roberts alleges that "[t]he BOP caused punitive and monetary damages" by not applying time credits to inmates' sentences, resulting in inmates missing out on opportunities to be released sooner. *Id.* at 3. He alleges that this "was compounded due to the COVID pandemic and lockdowns which caused irreparable harm." *Id.* Roberts asks for "[a]pplication of all FSA credits to all inmates in the BOP[,]" including inmates in halfway houses, on home confinement, and on supervised release. *Id.* Roberts does not specify the capacity in which he sues the defendants.[2] He seeks, for each inmate in the suit, $1,500 in compensatory damages and $1,200 in punitive damages for every day "the inmates were held over the incarceration times and irreprably [sic] harmed due to not being able to apply their [First Step Act] credits." *Id.*

---

[2] If a plaintiff does not specify the capacity in which he or she sues a defendant, the suit is treated as only including official capacity complaints. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Thus, Roberts sues Yankton FPC Warden J.W. Cox, the BOP Director, and Attorney General Merrick Garland in their official capacities only.

## B.    Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material

elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553-63)).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court will now assess Roberts's complaint under 28 U.S.C. § 1915.

  **C.** **Legal Analysis**

    **1.** **Class Action Lawsuit**

Roberts asks this court to certify him and other inmates as a class for the purpose of a class action lawsuit. *See* Docket 1 at 1. In a supplement filed after his complaint, Roberts alleges that up to 14,000 inmates may have been harmed by the BOP's failure to timely apply First Step Act time credits. *See* Docket 8 at 1. Roberts asks this court to "approve and register this class of members since it meets the criteria for a [class action lawsuit.]" *Id.*

Under Federal Rule of Civil Procedure 11(a), "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "Pro se litigants may not represent the

5

interests of other parties." *Litschewski v. Dooley*, 2012 WL 3023249, at *1 n.1 (D.S.D. July 24, 2012); *see, e.g., Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others." (citing 28 U.S.C. § 1654)). Roberts's motions for class certification (Dockets 5, 8) are denied.

### 2. *Bivens* Claims

Roberts seeks damages for what he alleges to be unlawful incarceration as a result of the BOP's failure to apply his First Step Act time credits. Docket 1 at 4. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Buford v. Runyon*, 160 F.3d 1199, 1203 n.7 (8th Cir. 1998) (stating that *Bivens* actions cannot be premised on respondeat superior liability and that "defendants are liable for their personal acts only"). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting *in his or her individual capacity* for violations of constitutionally protected rights." *Buford*, 160 F.3d at 1203 n.6 (emphasis added) (citing *Bivens*, 403 U.S. 388).

But "*Bivens* and its progeny do not waive sovereign immunity for actions against the United States[.]" *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982); *see also Little v. South Dakota*, 2014 WL 6453844, at *3 (D.S.D. Nov. 17,

6

2014) ("A *Bivens* action may not be asserted against the United States, its agencies, or against federal employees in their *official* capacity." (internal quotation omitted)). A suit against Cox, the BOP Director, and Garland in their official capacities is treated as a suit against the DOJ, an agency of the United States, and cannot be brought "against the United States and its agencies because of sovereign immunity." *See Buford*, 160 F.3d at 1203. Thus, Roberts's *Bivens* claims against Cox, the BOP Director, and Garland in their official capacities are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3. FTCA Claims

Roberts alleges that the BOP "released inmates with zero or partial credits applied due to their own negligence and deliberation." Docket 1 at 3. Construing his complaint liberally, Roberts brings a negligence claim and a false imprisonment claim against defendants under the FTCA. *See id.* Under 28 U.S.C. § 2675(a) (the FTCA):

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

"The Supreme Court . . . recognized that '[t]he most natural reading of [§ 2675(a)] indicates that Congress intended to require *complete* exhaustion of Executive remedies *before invocation of the judicial process*.' " *Mader v. United States*, 654 F.3d 794, 807 (8th Cir. 2011) (alterations in original) (quoting

7

*McNeil v. United States*, 508 U.S. 106, 112 (1993) (emphasis added)). "[A] claim that fails to satisfy § 2675(a)'s requirements remains inchoate, unperfected, and not judicially actionable." *Id.* The making of an administrative claim before filing an FTCA action is a jurisdictional prerequisite that cannot be waived. *See Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993).

Here, Roberts does not claim to have exhausted his remedies with the Bureau of Prisons and has not satisfied 28 U.S.C. § 2675(a)'s prerequisites. *See* Docket 1 at 1-4. Thus, Roberts's claims are not judicially actionable under *Mader*. *See* 654 F.3d at 807. Roberts's federal tort claims against Cox, the BOP Director, and Garland are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Thus, it is ORDERED:

1. That Roberts's motion for leave to proceed in forma pauperis (Docket 3) is granted.

2. That Roberts's second motion for leave to proceed in forma pauperis (Docket 6) is denied as moot.

3. That Roberts's complaint (Docket 1) is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii).

4. That Roberts's motion to electronically file documents (Docket 4) is denied as moot.

5. That Roberts's motions for class certification (Dockets 5, 8) are denied.

6. That Roberts's motions for appointment of counsel (Dockets 5, 8) are denied as moot.

7. That judgment is entered in favor of J.W. Cox, the Director of the Bureau of Prisons, and Merrick Garland.

Dated January 20, 2023.

                          BY THE COURT:

                          /s/ *Karen E. Schreier*
                          KAREN E. SCHREIER
                          UNITED STATES DISTRICT JUDGE